# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ISLAM DUZAEU, | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| v. | )     **Case No. CIV-26-1214-SLP** |
| | ) |
| CHRIS GANTT,[1] et al., | ) |
| | ) |
| **Respondents.** | ) |

## REPORT AND RECOMMENDATION

Petitioner Islam Duzaeu, a citizen of Russia proceeding *pro se*,[2] filed a petition for

writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging his detention by the

U.S. Immigration and Customs Enforcement ("ICE").[3]  (Doc. 1).[4]  Chief United States

District Judge Scott L. Palk referred the matter to the undersigned Magistrate Judge for

---

[1] Chris Gantt has replaced Scarlet Grant as Warden of Cimarron Correctional Facility. Thus, he is substituted as a respondent in this action.  *See Dopp v. McCoin*, No. CIV-18-520-D, 2019 WL 3071984, at *2 (W.D. Okla. Feb. 28, 2019) ("If a petitioner names the wrong respondent, this Court may simply substitute the correct party."), *adopted*, 2019 WL 1952693 (W.D. Okla. May 2, 2019).

[2] A *pro se* litigant's pleadings are liberally construed "and held to a less stringent standard than formal pleadings drafted by lawyers."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  But the court cannot serve as Petitioner's advocate, creating arguments on his behalf.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[3] Petitioner is housed at Cimarron Correctional Facility in Cushing, Oklahoma.  (Doc. 1, at 1).

[4] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C).  (Doc. 3).  In accordance with the expedited briefing schedule, (Doc. 5), Respondents timely filed a Response.  (Doc. 7).  Petitioner did not file a Reply.  As fully set forth below, the undersigned recommends that the Petition be **GRANTED in part** because Petitioner's detention without a bond hearing violates the Immigration and Nationality Act ("INA").  The Court should order an individualized bond hearing before a neutral Immigration Judge within 7 days of the judgment in this matter, or else release him from custody.

## I.    Factual Background

Petitioner is a native and citizen of Russia who applied for admission into the United States from Mexico at the San Ysidro Port of Entry on or about November 2, 2021.  (Doc. 7, at Ex. 1, at 1).  On November 3, 2021, ICE instituted removal proceedings against him through issuance of a Notice to Appear ("NTA").  (*Id.*)  On December 18, 2023, a superseding NTA was issued, alleging Petitioner was an arriving alien who was not in possession of necessary documentation.  (*Id.*)  Petitioner was apparently released at some point, as he alleges he was arrested and detained by ICE on November 25, 2025.  (Doc. 1, at 5).  He alleges that he has not received a bond hearing.  (*Id*. at 7).  Additionally, Petitioner filed an I-589 Application for Asylum and for Withholding of Removal.  (Doc. 7, at 5).

An immigration judge ordered Petitioner's removal on June 5, 2026, but granted withholding of removal and deferral of removal.  (Doc. 7, at Ex. 2, at 1).  *See also* EOIR Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last accessed July 29, 2026).  An appeal was filed on July 6, 2026, and it is currently pending.  *Id.*    Thus, Petitioner's removal order is not administratively final.    8 U.S.C. §

1101(a)(47)(B) (removal orders become administratively final upon the earlier of "(i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals").

## II.    Petitioner's Claims and Respondents' Responses

Petitioner makes the following claims in support of his Petition:

1.    "Violation of [his] Fifth and Fourth Amendments Due Process Clause.  And Violation of the 8 C.F.R. 241.4(1) Revocation of Release."  (Doc. 1, at 7). In this claim Petitioner takes issue with his traffic stop, the lack of notice from ICE regarding the reasons for his revocation, and the lack of an initial informal interview upon his re-detention.  (*Id.*)

2.    Violation of 8 U.S.C. § 1226 and the Administrative Procedures Act "over due process."  (*Id.*)  In this claim, Petitioner asserts he has been in ICE custody for six months without being offered an individualized bond hearing.

As relief Petitioner requests immediate release through an order of supervision, a bond hearing, or an alternative.  (*Id*. at 8).

Respondents contend that Petitioner's due process argument is "premature and baseless."  (Doc. 7, at 6-8).  They also contend that Petitioner's detention does not violate the INA because he is an applicant for admission and his detention is governed by 8 U.S.C. § 1225(b)(2)(A).  (*Id.* at 2, 8-13).

## III.    Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v.*

3

*Davis*, 533 U.S. 678, 687-88 (2001)).

**IV.      Under *Santillan Quiroz v. Mullin*, Petitioner Is Entitled To a Bond Hearing.**

In order for the Court to determine whether Petitioner's current detention without a bond hearing violates the law, the Court must first determine what statute controls his detention.  Under the INA, detention of aliens who are "applicants for admission"[5] and "seeking admission" is mandatory under 8 U.S.C. § 1225(b)(2)(A).  By contrast, § 1226(a) provides for the arrest of aliens on a warrant and grants ICE the discretion to continue detention of the alien or to release the alien on bond.[6]

On June 30, 2026, the Tenth Circuit decided *Santillan Quiroz,* holding "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." 2026 WL 1876709, at *5.  The court reasoned based on the statutory text and context that

> once a noncitizen has entered unlawfully, no amount of legal maneuvering
> allows him to go back in time and make his initial entry lawful. The only
> time a noncitizen can be said to be seeking admission is when he is seeking

---

[5] 8 U.S.C. § 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States."  The statute defines "admission" and "admitted" as "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer."  *Id*. § 1101(a)(13).

[6] The regulations accompanying the statute explain the various levels of review for a bond determination.  An ICE officer makes the initial detention or release determination, and the alien bears the burden of "demonstrat[ing] to the satisfaction of the officer that . . . release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding."  8 C.F.R. § 236.1(c)(8).  If the officer determines the alien should be detained, the alien can seek review of that decision at a bond hearing before an immigration judge.  *Id*. § 236.1(d)(1).  An immigration judge's decision to detain may be further appealed to the Board of Immigration Appeals ("BIA").  *Id*. § 236.1(d)(3).

to enter the United States at the border.  Since § 1225(b)(2)(A) applies only to those seeking admission, § 1225(b)(2)(A) is likewise limited to the border.

*Id*. at *7.  This statutory interpretation is binding on this Court and applicable to Petitioner's factual circumstances.[7]

Based on the Tenth Circuit's decision in *Santillan Quiroz*, the undersigned concludes that Petitioner, who was detained in the interior of the United States after his prior release, is subject to detention under § 1226(a).  However, he has not been granted the bond hearing provided in that statute.  Thus, Petitioner has shown that he is in custody in violation of the laws of the United States, and he is entitled to habeas relief.  28 U.S.C. § 2241(c)(3).  A bond hearing is the appropriate remedy.  *Santillan Quiroz*, 2026 WL 1876709 at *17 n.13.[8]

---

[7] The undersigned recognizes that the NTA charges Petitioner as an arriving alien and alleges Petitioner applied for admission at a port of entry.  (Doc. 7, at Ex. 1, at 1).  This would seemingly invoke 8 U.S.C. § 1225(b)(1), which provides for mandatory detention, although Respondents do not argue that it applies.  But Petitioner was released from custody at some point – though the parties do not provide information about the reason for his release.  Assuming he was granted humanitarian parole, he is still entitled to relief; indeed, the growing consensus in this Court is that individuals who have been granted humanitarian parole under 8 U.S.C. § 1182(d)(5)(A) and are later detained by ICE within the United States are considered detained under 8 U.S.C. § 1226(a).  *See Arevalo Castillo v. Figueroa*, No. CIV-26-162-HE, ECF No. 16 (W.D. Okla. July 7, 2026); *Ochilov v. Grant*, No. CIV-26-526-R, 2026 WL 1896139, at *1-2 (W.D. Okla. July 1, 2026); *Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *2-3 (W.D. Okla. June 29, 2026); *Drozdov v. Lyons*, No. CIV-26-365-SLP, 2026 WL 1470929, at *2 (W.D. Okla. May 26, 2026); *Kumar v. Johnson*, No. CIV-26-352-J, 2026 WL 937560, at *2 (W.D. Okla. Apr. 7, 2026); *Kudusov v. Grant*, No. CIV-26-132-HE, ECF No. 13, at *3-4.

[8] Because the undersigned recommends granting habeas relief on the basis of Petitioner's INA claim, it is unnecessary to address his due process claim.

### V.    Recommendation and Notice of Right to Object

For the reasons discussed above, the undersigned recommends that the Petition (Doc. 1) be **GRANTED in part**.  The undersigned recommends that the Court order Respondents to provide Petitioner an individualized bond hearing before a neutral Immigration Judge within 7 days of the judgment in this matter, or else release him from custody.

**The Court advises the parties of their right to object to this Report and Recommendation by August 6, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).[9]  The Court advises the parties that failure to make timely objection to this report and recommendation waives their right to appellate review of both factual and legal issues contained herein.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge and terminates the referral unless and until the matter is re-referred.

**ENTERED** this 30th day of July, 2026.

*Amanda L. Maxfield*

AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE

---

[9] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to Report and Recommendations.  *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process.").