**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ISLAM DUZAEU, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. CIV-26-1214-SLP |
| MARKWAYNE MULLIN[1], et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

# ORDER

Before the Court is the Report and Recommendation [Doc. No. 8] (R&R) of United States Magistrate Judge Amanda L. Maxfield. The Magistrate Judge recommends granting, in part, the Petition. Respondents have filed an Objection, [Doc. No. 9], and the matter is at issue. The Court reviews de novo any portion of the R&R to which a specific objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Review of all other issues addressed by the Magistrate Judge are deemed waived. *See Moore v. United*

[1] The Magistrate Judge substituted Chris Gantt as the Warden of Cimarron Correctional Facility. *See* R&R, [Doc. No. 8] at 1 ("Chris Gantt has replaced Scarlet Grant as Warden of Cimarron Correctional Facility. Thus, he is *substituted* as a respondent in this action.") (emphasis added). However, Petitioner did not name any warden in the Petition. *See* Pet., [Doc. No. 1]. Instead, he named "Markwayne Mullin, Secretary of U.S. Department of Homeland Security" and "Todd Blanche, U.S. Attorney General" as Respondents. *Id*. Generally, the warden of the facility where a habeas petitioner is detained, as the petitioner's "immediate custodian," is the proper respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004); 28 U.S.C. §§ 2242, 2243. The Court finds it proper to *add* as respondent, Chris Gantt, Warden of Cimarron Correctional Facility, as an additional respondent in this case. *See* Fed. R. Civ. P. 21 ("[T]he court may at any time, on just terms, add or drop a party."); *see also* Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts (permitting application of Rule 21 to § 2254 proceedings); Rule 1(b) (permitting the district court to apply the Rules Governing Section 2254 Cases to petitioner brought pursuant to § 2241).

*States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Having conducted that review, and for the reasons that follow, the Court ADOPTS the R&R and GRANTS, in part, the Petition.

## I. <u>Background</u>

Petitioner, who is proceeding *pro se*, is a citizen of Russia. On or around November 2, 2021, he entered the United States, where Petitioner presented himself to immigration authorities at a United States designated port of entry near San Ysidro, California. Shortly thereafter, Immigration and Customs Enforcement (ICE) instituted removal proceedings against him through the issuance of a Notice to Appear ("NTA"). On December 18, 2023, a superseding NTA was issued, alleging Petitioner was an arriving alien who was not in possession of necessary documentation.[2] Petitioner subsequently filed an I-589 Application for Asylum and for Withholding of Removal.

Petitioner alleges that he was arrested and re-detained by ICE on November 25, 2025. An immigration judge ordered Petitioner's removal on June 5, 2026, but granted withholding of removal and deferral of removal. An appeal of the immigration judge's order has been filed and is currently pending. At the time of filing his petition, Petitioner was detained at Cimarron Correctional Facility in Cushing, Oklahoma.

On May 26, 2026, Petitioner filed this action, claiming violations of the "Fifth and Fourth Amendments Due Process Clause" and the Immigration and Nationality Act's

[2] Upon the Court's review of the R&R and record, it is not clear when Petitioner was released subsequent to the issuance of his NTA. *See* R&R, [Doc. No. 8] ("Petitioner was apparently released at some point, as he alleges he was arrested and detained by ICE on November 25, 2025."). As such, this fact does not impact the ultimate disposition of this case.

(INA) regulations. Pet., [Doc. No. 1] at 7. He also claimed violations of "The [INA] § 1226 and the Administrative Procedures Act[.]" As relief, Petitioner seeks release from custody or, in the alternative, a bond hearing.

## II. Discussion

The Magistrate Judge recommended that the Court grant habeas relief and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral Immigration Judge (IJ) within seven (7) business days or, in the alternative, for Respondents to release Petitioner from custody.

Respondents initially argued, in-part, that § 1225(b)(2)(A) governed Petitioner's detention and, therefore, that the Court should deny the Petition. Resp., [Doc. No. 7] at 8-13. The Court concurs with the Magistrate Judge's findings that § 1226(a) governs Petitioner's detention and rejects Respondents' interpretation of §§ 1226(a) and 1225(b)(2)(A). Under Tenth Circuit law, § 1226(a) governs the detention of immigration detainees who are similarly situated to Petitioner. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1240 (10th Cir. 2026) (holding that "§ 1225(b)(2)(A)'s application is limited to the border").[3] *See also* Resp. Obj. [Doc. No. 13] ("The R&R correctly concludes that Petitioner's claims are controlled by the Tenth Circuit's recent opinion in [*Quiroz*].") The

[3] The majority of Circuit Courts, including "the Second, Sixth, and Eleventh Circuits have each held that § 1225(b)(2)(A) does not apply to unadmitted noncitizens who . . . are found in the country's interior." *Id*. at 1235 (citing *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia*., 175 F.4th 1258 (11th Cir. 2026); *but see Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026).

Court, therefore, finds that § 1226(a) governs Petitioner's detention, and he is entitled to an individualized bond hearing.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 8] is ADOPTED and the Petition [Doc. No. 1] is GRANTED. Respondents are ORDERED to provide Petitioner with a proper bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days of the date of this Order.[4]

IT IS FURTHER ORDERED that Respondents shall file a Notice of Compliance on or before 5:00 p.m., on October 27, 2026. If Respondents fail to timely comply, including a failure to timely file a Notice, Petitioner shall immediately be released from custody. *See* 28 U.S.C. §§ 2241, 2243.[5]

IT IS FURTHER ORDERED that Respondents' counsel is directed to provide a copy of this Order to the warden of the facility where Petitioner is currently detained.

A separate judgment shall be entered.

IT IS SO ORDERED this 20th day of October, 2026.

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[4] Because the Court finds that habeas relief should be granted on Petitioner's statutory claim, the Court declines to address his remaining claims.

[5] "In issuing a writ of habeas corpus, a federal court has the power and authority to dispose of habeas corpus matters as law and justice require." *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (citing 28 U.S.C. § 2243); *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release."); *see also Dep't of Homeland Sec. v. Thuraissigiam,* 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention.").